# STATE OF FLORIDA v. DAVANT
## Case No. 83-18029MM-10
County Court, Broward County

February 16, 1984

### APPEARANCES OF COUNSEL

**Keith Schaefer,** Assistant State Attorney, for plaintiff.

**C. Edward McGee, Jr.,** for defendant.

### OPINION OF THE COURT

STEVEN G. SHUTTER, County Judge.

THIS CAUSE is before the Court upon the Defendant's Motion to Suppress, and the Court having taken testimony, as well as physical exhibits and having entertained arguments of law, finds as follows:

■

1. The precise issue before this Court is one of whether the Defendant's right to counsel was violated by the State, acting through its police officers, when the Defendant was not allowed to consult with an attorney licensed to practice law in this State as specifically provided in Florida Statute 901.24 prior to taking a breathalyzer or participating in a B.A.T. Mobile video tape session.

2. A second issue for the Court to decide is whether or not an earlier hearing between the same parties involving the same issue wherein a predecessor judge to this judge made specific findings of fact in "the law of the case" even though the issue at that hearing was civil in nature and this is a criminal prosecution.

3. A hearing on the Defendant's Motion to Suppress was held on Tuesday, January 31, 1984. At this hearing, the State presented evidence by way of live testimony from Deputy Larry Fenton of the Broward Sheriff's Office and electronic testimony by means of a videotape of the Defendant on the night of her arrest. The defense presented testimony of the Defendant herself, together with physical exhibits including the business card of C. Edward McGee, Jr., Attorney at Law, and a twenty-four (24) page transcript of proceedings between the State of Florida, as Plaintiff, versus Elizabeth June Davant, as Defendant, which proceedings took place on November 10, 1983 at 9:00 o'clock, A.M. before the Honorable Brian P. Kay, predecessor judge to the undersigned, as Judge of the County Court, whereat Gregory Durden, Esquire, appeared on behalf of the State of Florida and C. Edward McGee, Jr., appeared on behalf of the Defendant.

4. The State of Florida, in its comments to the Court, conceded that the specific provisions of Florida Statute 901.24 apply to this case and, if the facts are that the Defendant was denied an opportunity to consult with an attorney in a reasonable fashion, then suppression of the evidence is the proper remedy.

5. It is well recognized that the Sixth Amendment to the Constitution of the United States of America provides, "[i]in all criminal prosecutions, the accused shall enjoy . . . the assistance of counsel for his defense." Further Article I, Section 16, of the Constitution of the State of Florida provides that in all criminal prosecutions the accused shall have the right, ". . . to be heard in person, by counsel or both . . .". It is axiomatic that the individual states of the union may, in their wisdom and discretion, provide additional rights for the citizens of their states. By adopting Florida Statute Chapter 901.24, the legislature of the State of Florida has spoken with regard to the rights

of its citizens to have access to legal counsel. Specifically, the Florida legislature has provided, "a person arrested shall be allowed to consult with any attorney entitled to practice in this state, along and in private *at the place of custody,* as often and for such periods of time as is reasonable." (enphasis supplied)

6. In an attempt to consider the logic and application of Florida Statute 901.24, it is helpful to consider the words of Justice James C. Adkins, contained in his treatise on criminal law and procedure, which was written while the learned Justice was still a Circuit Court Judge where he stated

"Under this section, the attorney for the accused, upon compliance with the statute, has the right to communicate with his client even though the prosecuting officials have not completed their investigation. One purpose of the section is to give the accused an opportunity to be advised of his constitutional rights by his attorney instead of by the prosecuting officials."

7. This court, then, construes the intent of the legislature in the enactment of Florida Statute 901.24 to have designated the arrest of a defendant as a critical stage in a criminal process. It therefore follows that failure of the police agency to adhere to the clear mandate of this statute violates the established legal rights of an accused, warranting the suppression of evidence.

8. In the case presently before the Court, either of two (2) factual bases could be considered. The first basis would be the contents of the twenty-four (24) page transcript provided by the Defendant at the hearing which transcript represented the substance of a proceeding held on November 10, 1983 at approximately 9:00 o'clock, A.M. wherein State of Florida was Plaintiff and Elizabeth June Davant was defendant. The State was represented by its Assistant State Attorney, Gregory Durden, Esquire. The Defendant was represented by her defense attorney, C. Edward McGee, Jr., Esquire. The parties were identical. The presiding Judge, The Honorable Brian P. Kay, is the predecessor Judge of the Undersigned. The witnesses before the Court at that time were Deputy Larry Fenton of the Broward Sheriff's Office and Elizabeth June Davant, the Defendant. The issue in that hearing was whether or not the State had complied with the mandates of Florida Statute 901.24. In that hearing, Judge Kay made the following finding of fact: "For appellate purposes, the court makes a finding that the Defendant did request to speak to her attorney and the request was not honored." (Tr. p 23 1.3-5). Due to the identity of the parties, the

issues, the presiding Judge and the applicable law, it is the finding of this Court that the finding of fact recited above is "the law of the case" and must be adhered to by this Court.

9. Even if the above were not the case, a second source for decision is available to this Court. That is, this Court had before it testimony of Deputy Larry Fenton and Defendant, Elizabeth June Davant. It also had the benefit of viewing the videotape and the physical evidence offered by the Defendant. Even should the proceedings of November 10, 1983 not constitute "the law of the case," an adequate and substantial basis appears from the testimony presented that, in fact, the State failed to honor repeated requests by the Defendant to call her attorney despite the fact that a telephone was close at hand and she had possession of telephone numbers at which he could be reached.

10. As the predecessor Judge found, so too this Judge finds that the Defendant repeatedly attempted to invoke her rights under the Sixth Amendment of the constitution of the United States; Article I, Section 16 of the Constitution of the State of Florida; and Florida Statute 901.24. Her efforts were in vain. The failure of the police officers to acquiesce to these requests, which were reasonable at the time, cannot be tolerated or condoned. Accordingly, it is

ORDERED and ADJUDGED that

1. Motion to Suppress the videotape and all observations made by police officers from the point of her arrest forward be and the same is hereby GRANTED.

2. Pursuant to FS. 901.24 this Court specifically finds that should a Defendant request to speak with an attorney prior to administering a breathalyzer test or prior to or during B.A.T. Mobile video taping, the police agency shall afford the Defendant the reasonable opportunity to telephone an attorney. It is the opportunity to place the call and attempt the contact with counsel that is critical. Should the Defendant be unable to contact the attorney, the breathalyzer and video taping may then continue and any refusal on behalf of the Defendant may be considered by the jury pursuant to 316.1932.

The video and any alcohol level testing would be admissible, if otherwise proper. However, if a request for a telephone consultation with an attorney has been made and not permitted by the police agency, the video tape from the point of the request is subject to suppression as would be the refusal to take the breathalyzer if refused or the results of the breathalyzer if taken.